UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**UNITED STATES OF AMERICA**         :         CASE No. 2:13-cr-0262(4)

**VERSUS**         :         **JUDGE DRELL**

**JAIME GARZA**         :         **MAG. JUDGE HANNA**

### REPORT AND RECOMMENDATION

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant John Harold Garza. Doc. 214. This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DISMISSED WITH PREJUDICE** as untimely under § 2255(f).

### I.
#### BACKGROUND

Pursuant to a plea agreement, Garza was convicted in this court of one count of conspiracy to possess with intent to distribute and to distribute marijuana, a violation of 21 U.S.C. § 846. Docs. 126, 128. He was then sentenced on August 11, 2015, by judgment entered two days later, to an 82-month term of imprisonment. Docs. 173, 175. He did not appeal his conviction or sentence. Garza now seeks relief in this court through a § 2255

motion to vacate, filed on May 30, 2017.[1] Doc. 214. There he claims (1) that he received ineffective assistance of trial counsel, (2) that his right to due process was violated when the magistrate judge assigned to his case failed to recuse himself, and (3) that this court lacked jurisdiction over his case. *Id.*

## II.
### LAW AND ANALYSIS

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). A motion filed under § 2255 is subject to a one-year limitations period, running from the latest of the following dates: (1) when the judgment became final; (2) when a government-created impediment to filing the motion was removed; (3) when the United States Supreme Court initially recognized and made retroactively applicable the legal predicate for the motion; or (4) when the petitioner could have discovered, through due diligence, the factual predicate for the motion. 28 U.S.C. § 2255(f). A judgment becomes final, under this section, when the applicable period for seeking direct review of a conviction has expired. *United States v. Plascencia*, 537 F.3d

---

[1] Garza styles his motion as one brought under "Federal Rule Civil Procedure 60(b)(6) pursuant [to] Buck v. Davis . . . for a 28 U.S.C. § 2255 [Motion] to Vacate Sentence and Conviction . . . ." Doc. 214, p. 1. There is no prior § 2255 judgment to reopen under Federal Rule of Civil Procedure 60(b), and to the extent Garza seeks to have his criminal judgments of conviction and sentence reopened, this rule is inapplicable. *See United States v. Morris*, 2017 WL 3098579, at *2 (N.D. Tex. May 30, 2017) (collecting cases). Instead, 28 U.S.C. § 2255 is the appropriate vehicle for such relief. The court construes the reference to *Buck* as an argument against § 2255's statute of limitations, infra.

385, 388 (5th Cir. 2008). The limitations period is not jurisdictional and is subject to equitable tolling. *Parra-Martinez v. United States*, 2015 WL 9244611, at *3 (W.D. Tex. Dec. 16, 2015) (citing *Holland v. Florida*, 560 U.S. 631, 645–46 (2010)). Equitable tolling is only appropriate, however, in "rare and exceptional circumstances" and "is not intended for those who sleep on their rights." *Id.* (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)).

Garza's conviction and sentence became final on August 27, 2015, fourteen days after entry of judgment, when his time for filing a notice of appeal expired. *Plascencia*, 537 F.3d at 388 (5th Cir. 2008); *see* Fed. R. App. P. 4(b). Under § 2255(f)(1), he was therefore required to file his § 2255 motion by August 27, 2016, but did not do so until over nine months later. *See* 28 U.S.C. § 2255(f)(1). He provides no basis for equitable tolling or any later start date to the limitations period. However, he does rely in part on *Buck v. Davis*, __ U.S. __, 137 S.Ct. 759 (2017), which was decided on February 22, 2017. The court analyzes the case to see if it would provide for a later start date to the statute of limitations under § 2255(f)(3) as initial recognition of a new, retroactively applicable constitutional right.

Like Garza's challenge, *Buck* involved discussion of the long-recognized right to effective assistance of counsel. *Buck* relates to the retroactive applicability of the rule developed in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013) – that habeas review of a state conviction could be preserved for an ineffective assistance of counsel claim defaulted in a state post-conviction proceeding if state postconviction counsel was constitutionally ineffective in failing to raise it. 137 S.Ct. at

780. The Court, however, determined that that the state had waived its late-asserted challenge to the retroactive applicability of *Martinez* and *Thaler*. *Id.* Accordingly, *Buck* does not stand for any new rule of constitutional law which would be retroactively applicable to this case, and the petition is untimely under § 2255(f)(1).[2]

### III.
#### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the Motion to Vacate [doc. 214] be **DISMISSED WITH PREJUDICE** as untimely under 28 U.S.C. § 2255(f).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

---

[2] Nor would the rule developed in *Martinez* and *Thaler* provide grounds for preserving *Garza*'s claims. The Fifth Circuit has not yet decided whether these cases provide relief for claims barred by the ineffective assistance of federal post-conviction counsel. Other circuits are split on the issue. *Compare United States v. Lee*, 792 F.3d 1021, 1024 (8th Cir. 2015) *with Ramirez v. United States*, 799 F.3d 845, 854 (7th Cir. 2015). Even if *Martinez* and *Thaler* were expanded to preserve § 2255 motions which were time-barred due to ineffective assistance of counsel, however, they would provide no basis for relief in this case. The petitioner did not file an appeal and has proceeded pro se in his attempts at collateral review, and the untimeliness of this error is thus attributable to no one but him.

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in Chambers this 15th day of November, 20 18.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE